## CASTELL v. FABER.

### (Circuit Court of Appeals, Second Circuit. December 15, 1908.)

### No. 37.

Costs (§ 32*) — Bill of Review—Effect of Modification of Former Decree —Costs.

In a suit for infringement of trade-mark the vital issue was as to defendant's right to use on pencils the name "Faber," which was his own name, in connection with one or the other of certain names or initials as prefixes, and on such issue he prevailed; a decree dismissing the bill and awarding him costs being entered on mandate from the Circuit Court of Appeals. Subsequently the complainant asked for and obtained leave to file a bill of review for a modification of the decree awarding an injunction against the use by defendant of the name "Faber" alone, and such modification was made. *Held,* that it did not authorize the Circuit Court to require defendant to repay the costs received under the prior decree; his right to use the name alone not having been contested in the original litigation, nor, so far as appeared, claimed by him.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 32.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decree entered June 27, 1907, in an action brought upon a bill of review, the decree directing that a former decree entered in said court August 8, 1905, be modified so as to enjoin the defendant from using the word "Faber" except in connection with the prefixes "E.," "J. E.," "Eberhard," "J. Eberhard," or "John E." The decree also provides that the defendant repay to the complainant the sum of $3,952.65 costs paid by him in the original suit, interest thereon and costs of the present action. The original suit was commenced May 11, 1901, and was tried in the Circuit Court and decided in favor of the complainant August 18, 1903. 124 Fed. 603. An appeal was taken to this court which was decided June 28, 1905, and resulted in a reversal, the Circuit Court being instructed to dismiss the bill with costs. 139 Fed. 257, 71 C. C. A. 383. The order for a mandate was signed July 11, 1905, and on the day following a mandate issued. On August 8, 1905, the Circuit Court entered judgment dismissing the bill with costs. On the 14th of September the complainant filed a petition for a writ of certiorari and on the 27th day of November, 1905, the Supreme Court denied the petition.

On the 25th day of April, 1906, ten months after the decision of this court directing the dismissal of the bill and five months after the petition for a writ of certiorari had been denied by the Supreme Court, the complainant filed a petition in this court for leave to file a bill of review in the Circuit Court. This motion was granted in order to remove any doubt as to the effect of the decision of this court, but the court observed in the memorandum deciding the motion: "The only question which was argued upon the appeal was whether the defendant had been guilty of an unfair use of the word 'Faber' with some one of these different prefixes." 145 Fed. 626, 76 C. C. A. 538. The petition did not ask that the decree be modified as to costs and the order permitting the bill of review expressly limits the relief to the single modification—viz.: Enjoining the defendant from the use of the name "Faber" unaccompanied by the prefixes. The order concludes as follows: "And that leave be and the same hereby is granted to said Circuit Court upon hearing such bill of review, to modify its decree accordingly."

Forbes & Haviland (Benjamin F. Tracy and Charles T. Haviland, of counsel), for appellant.

Fred W. & Alfred E. Hinrichs, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The simple question is whether the defendant, who succeeded upon the vital issue in the original suit, shall be compelled to pay back the sum which complainant paid him as costs. There can be no doubt that the controversy in this court in the original suit centered around the right of the defendant to use the name "E. Faber." He insisted that he had an inherent right to use his own name in his own business and that the complainant had, by written agreement in 1898, expressly conceded him that right. The second sentence of the opinion delivered by this court is as follows:

"The entire controversy centers about the right of the defendant to use the name "E. Faber" in connection with the business of making and selling pencils."

In the memorandum filed by Judge Wallace, who concurred in the result, the same view was taken. Again, the judge who wrote the brief decision on the motion for leave to bring this suit also stated that "the only question argued on the appeal" was whether defendant had used the word "Faber" unfairly in connection with "one of these different prefixes." The court certainly obtained the impression at the argument that since the agreement of 1898 the defendant had not asserted the right to use the name "Faber" alone, that he had not used it and did not wish to use it. Whatever may have been the position of the defendant as to his right to use the name "Faber" alone prior to 1898 the question, at the time of the argument, had become academic, it was obsolete and was not pressed upon the attention of the court. At least, the court, unanimously, so understood.

An injunction against "Faber" alone would have left the real point at issue untouched. If the complainant had limited his demand to an injunction against "Faber" alone, the defendant could with perfect safety have consented to a decree against him. He did not ask to use "Faber" alone, was not using it and did not wish to use it. What he did insist upon was the right to use the initial of his Christian name "Eberhard." This right the complainant disputed and this right the court granted him. We confess our entire inability to understand upon what theory the right to use "Faber" alone can be said to be "the fundamental issue in the suit."

The opinion of this court directing the Circuit Court "to dismiss the bill with costs" was filed June 28, 1905. We are not advised as to the time when it first occurred to the complainant that he had been injured by the failure of the court to retain the injunction against the use of the name "Faber" alone. It must have been after the mandate issued because he made no motion for a re-argument or to correct the order for the mandate. Whether he considered himself aggrieved in this regard when he filed his petition for a certiorari does not appear. The point was or was not presented in that petition. If presented, it is clear that the Supreme Court was not impressed with its importance and if not presented, it is equally clear that the complainant was not impressed with its importance.

The facts justify the inference that it was only after the Supreme Court had refused to entertain the petition that the idea of utilizing

the point became prominent. If our attention had been called to it while the case was still in our control a few words added to the order for the mandate would have given the complainant every right, actual or theoretical, to which he was entitled. Entertaining the view that the defendant had succeeded on the vital issue in the case and that he had been compelled to meet a number of irrelevant issues forced upon him by the voluminous record presented by the complainant, the court, though it might have retained the injunction as to the name "Faber," would not have changed its judgment as to costs. We thought then and think now that the defendant was entitled to costs in the Circuit Court. By the modification of the decree restraining the use of the name "Faber" when used alone, the complainant is now secure from the possibility of all invasions of his rights, including those which there seems little reason to apprehend.

The decree of the Circuit Court is affirmed as to the first paragraph. The second paragraph of the decree is reversed in so far as it required the defendant to repay to the complainant the costs of the original suit which were paid by the complainant. No costs to either party in this court.